UNITED STATES of America, Plaintiff–Appellee,

v.

Elmer F. WIMAN, Defendant–Appellant.

No. 95–2410.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 24, 1995.[1]

Decided Feb. 28, 1996.

1. We granted the joint motion of the parties to waive oral argument, and this appeal was therefore submitted on the briefs.

Susan H. Dowd (submitted), Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Linda M. Wagoner, Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

Before EASTERBROOK, KANNE, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Elmer F. Wiman was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In this appeal, Wiman argues that the district court improperly denied him the right to present his defense and improperly limited the extent and scope of cross-examination of one of the government's witnesses. Wiman also contends that the district court improperly denied his motion for new trial and improperly refused to conduct an evidentiary hearing on his claim of ineffective assistance of counsel. For the reasons discussed below, we affirm Wiman's conviction. We also find that the district court did not abuse its discretion either when it denied Wiman's motion for new trial or when it declined to permit Wiman a hearing on his ineffective assistance claim prior to sentencing.

## BACKGROUND

On July 20, 1994, Wiman was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Wiman was charged as an "Armed Career Criminal" under that statute on the basis of eleven prior violent felony convictions. Prior to trial, the parties stipulated that Wiman had previously been convicted of a felony. A jury trial was conducted on November 7, 1994, at which time the government presented evidence and testimony to establish that Wiman had possessed a functional Iver Johnson .22 caliber revolver (the "revolver") on the date alleged in the indictment and that the firearm had travelled in interstate commerce. Testimony of record indicated that Officer David Pollert of the Brownstown, Indiana police department observed Wiman at approximately 3:00 a.m. in the vicinity of a Kocolene gas station in Brownstown, Indiana. Officer Pollert pursued Wiman and another individual subsequently identified as Timothy Kerr. Officer Pollert further testified that although Kerr escaped, Wiman fell to the ground and was apprehended. The officer testified that he placed handcuffs on

Wiman as he held Wiman face down on the ground and that as he rolled Wiman over onto Wiman's back, he observed the revolver on the ground underneath Wiman's stomach. Kerr also testified as to having seen Wiman in possession of the revolver. Wiman did not testify, and no witnesses were presented on his behalf. The jury returned a guilty verdict on the one count charged in the indictment.

## DISCUSSION

A. *Exclusion of Evidence and Denial of Right to Present Defense.*

Wiman argues that the district court improperly prohibited mention of the attempted burglary and improperly denied him the right to present his defense. Wiman challenges here the district court's rulings on two motions in limine brought by the government prior to trial. His arguments are without merit, but they do require us to review the district court's pre-trial rulings on evidentiary matters.

Prior to trial, the government presented a notice of intent to offer evidence that at the time Wiman possessed the firearm, he was carrying burglary tools and was attempting to burglarize a gas station. The district court found that there was "some evidentiary link" between the gun and the attempted burglary. However, after considering the potential prejudicial impact of this evidence under Fed.R.Evid. 403, the district court concluded that the prejudicial effect of the burglary-related evidence far outweighed its probative value.

The district court also rejected the government's alternative argument that the burglary-related evidence was admissible under Fed.R.Evid. 404(b) to show motive, opportunity, intent, preparation, plan, identity, or absence of mistake or accident. The district court concluded that while there was no indication that any of those matters were at issue, to the extent that they were, the government otherwise appeared to have "overwhelming" evidence on those issues so that the burglary-related evidence would be redundant and the prejudice to Wiman "substantial."

Accordingly, the district court denied the government's motion in limine and ordered the government to notify its witnesses "to make no reference to the attempted burglary or the burglar tools." The district court qualified its ruling by concluding "[t]hose doors having been closed, it remains to be seen whether the Defendant would choose to open them in the presentation of a defense. Should the Defendant open any of these doors, this ruling is subject to reconsideration." There is no indication in the record that Wiman either objected to or joined with the government's motion.

■■■ We review rulings determining the admissibility of evidence under Fed.R.Evid. 403 and 404(b) for an abuse of discretion. *United States v. Tringali,* 71 F.3d 1375, 1379 (7th Cir.1995); *United States v. Henderson,* 58 F.3d 1145, 1150 (7th Cir.1995); *United States v. Lampkins,* 47 F.3d 175, 179 (7th Cir.), *cert. denied,* —— U.S. ——, ——, 115 S.Ct. 1440, 1810, 131 L.Ed.2d 319, 734 (1995). However, because Wiman did not object to the exclusion of the burglary-related evidence and did not attempt to introduce any burglary-related evidence at trial, we review here only for plain error. *United States v. Kellum,* 42 F.3d 1087, 1092–93 (7th Cir.1994); *United States v. Hubbard,* 22 F.3d 1410, 1417–18 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 762, 130 L.Ed.2d 660 (1995). *Cf. United States v. Harvey,* 959 F.2d 1371, 1374–75 (7th Cir.1992) (defendant waived issue of admissibility of travel vouchers where he did not move to admit or even attempt to describe them at trial).

■■■ Wiman concedes here that most defendants would "applaud" the district court's ruling that excluded possibly prejudicial evidence. Although the ruling was intended to benefit him, Wiman argues here that it actually prejudiced his case. He suggests that because the jury heard evidence that he had possessed a firearm and that he and others had been observed in or near a gas station late at night, it could have concluded that he was involved in a botched robbery, arguably a more serious offense than a burglary. Wiman fails to explain how, even if true, this could conceivably affect the jury's consider-

ation of the only crime charged in the indictment here—possession of a firearm by a convicted felon.

Moreover, Wiman's argument suffers from a failed premise. By its very terms, the district court's ruling barred only the government from presenting the burglary-related evidence. It did not preclude Wiman himself from seeking to introduce burglary-related evidence in his defense. Indeed, the ruling specifically contemplated the possibility that Wiman might "open the doors" to the burglary-related evidence, in which case the district court would reconsider its order precluding mention of the evidence by the government. The record reveals, however, that Wiman never attempted to introduce any evidence of the attempted burglary. The district court's in limine ruling did not prejudice Wiman's defense.

■ Having been barred from presenting any of the burglary-related evidence, the government presented a second motion in limine requesting that Wiman be precluded from making any reference to his alleged reason for attempting the gas station burglary. Wiman's defense appears to be that he believed "he had no option available to him other than to perpetrate a burglary to obtain money to hire a lawyer to protect his molested daughter because the system and the authorities refused to assist him." (Wiman Br. at 20). The district court granted the government's motion as follows:

> However, it is conceivable that the Defendant would decide to attempt to elicit evidence about this reason for being in Brownstown or more specifically in attempting the burglary. If that should occur, the Government's Motion in Limine is certainly well taken. Therefore, the Government's Motion in Limine is GRANTED. The Defendant is prohibited from making any reference through testimony, arguments of counsel or otherwise about why he may have been attempting to burglarize a gas station in Brownstown, Indiana on the night he was arrested there. If the Defendant wishes to offer evidence or argument on that subject, his counsel is directed to bring that matter up outside the

presence of the jury in advance of any such efforts.

Wiman asserts here that his reason for participating in the attempted burglary was critical to his defense. As a consequence, he contends that the district court's ruling prejudiced his ability to present his defense.

■ Again, we review evidentiary rulings of the trial court for an abuse of discretion, *United States v. Shorter*, 54 F.3d 1248, 1260 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 250, 133 L.Ed.2d 176 (1995). However, because Wiman did not oppose the government's motion and did not raise the issue at trial, we review for plain error. *United States v. Huels*, 31 F.3d 476, 479 (7th Cir. 1994). *Cf. Harvey*, 959 F.2d at 1374–75.

■ It is true that a defendant "is entitled to have the jury consider any theory of the defense that is supported by law and that has some foundation in the evidence." *United States v. Herrera*, 54 F.3d 348, 354 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 192, 133 L.Ed.2d 128 (1995); *United States v. Douglas*, 818 F.2d 1317, 1320–21 (7th Cir.1987). Testimonial evidence must, however, be relevant and material. *United States v. Tanner*, 941 F.2d 574, 585 (7th Cir.1991), *cert. denied*, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed.2d 432 (1992). Moreover, a defendant has no right "either to cross-examine adverse witnesses, or to present defense witnesses to testify, regarding facts which are not 'of consequence to the determination of the action....'" *United States v. Snow*, 670 F.2d 749, 752 (7th Cir.1982) (quoting Fed.R.Evid. 401). Wiman fails to explain how his alleged motivation to commit the burglary would constitute a legal defense to the crime charged. We find no error in the ruling of the district court.

### B. *Cross-examination of Kerr.*

Wiman argues that the trial court committed error by not permitting him to question Tim Kerr, a government witness, concerning his activities as an informant. Wiman also argues that the trial court improperly prohibited him from impeaching Kerr with his criminal record. Both of Wiman's contentions are unsupported by the record and are without merit.

■ First, the trial court did not prohibit Wiman from inquiring as to Kerr's status as an informant. The record indicates that on the morning of trial, Wiman's counsel advised the trial court and the government of his intention to inquire as to Kerr's status as an informant. The trial court warned Wiman's counsel that if he did so, it would be "exceedingly likely" that the door would be opened to the previously excluded burglary-related evidence and testimony.

Because Wiman did not request a specific ruling from the trial court on this issue, did not object to the lack of a specific ruling and did not attempt to question Kerr at trial as to his status or activities as an informant, we review this issue only for plain error. *United States v. Boyles*, 57 F.3d 535, 548 (7th Cir.1995); *United States v. Badger*, 983 F.2d 1443, 1453 (7th Cir.), *cert. denied*, 508 U.S. 928, 113 S.Ct. 2391, 124 L.Ed.2d 293, ⎯ U.S. ⎯, 114 S.Ct. 76, 126 L.Ed.2d 44 (1993). The district court did not preclude Wiman from inquiring as to Kerr's status as an informant; it merely advised him of the probable consequences of such an inquiry. We find no error here.

■ In advance of trial, the government filed a motion in limine to prevent Wiman from using two prior misdemeanor convictions to impeach Kerr. These two convictions were for driving under the influence of alcohol and theft of gas from a gas station. The district court ruled that neither of these convictions was admissible under Fed. R.Evid. 609(a)(2). The court indicated that its ruling was subject to reconsideration if Wiman presented some evidence to show that either of the crimes involved dishonesty or false statements. There is no indication in the record that either crime involved dishonesty or false statements, and Wiman did not come forward with evidence to the contrary.[2]

We review only for plain error, and we find none.

## C. *Motion for New Trial and Presentation of Claims of Ineffective Assistance.*

■ Wiman argues that the district court erred when it denied his motion for new trial as untimely pursuant to Fed.R.Crim.P. 33.[3] The record indicates that on November 14, 1994, seven days after the jury verdict, the district court received a *pro se* letter from Wiman in which he complained about certain aspects of his trial, professed his innocence, related his version of the events at issue, and requested "some type of closed hearing to verify what I've said so that I may have a chance to clear up some very serious loose ends." In response, on November 14, 1994, the district court issued a "Notice of Receipt of Correspondence" (the "notice") which ordered counsel for Wiman to review the letter, consult with Wiman and determine whether "[a]ny post-trial motions on behalf of the Defendant are appropriate. . . ." On January 3, 1995 the district court received from Wiman a *pro se* "Motion to Dismiss Public Defender" dated December 23, 1994, in which Wiman, for the first time, requested a new trial.

After trial counsel withdrew and new counsel was appointed, a "Verified Amended and Supplemental Motion for New Trial" was filed on February 17, 1995. This motion coupled Wiman's motion for new trial with a request for an evidentiary hearing that would encompass his allegations of ineffective assistance of counsel. This motion was later supplemented when the district court granted Wiman's request that his earlier *pro se* motion for new trial be incorporated into the motion filed on February 17, 1995 and be shown to have been filed as of December 23,

---

**2.** Wiman's post-trial letter reference to a "rabbit/poultry theft case" against Kerr is unsupported in the record by any documentary or testimonial evidence. If Wiman is suggesting either that there was another, different crime for which Kerr could have been impeached or that the gas theft case was mischaracterized, there is, nevertheless, nothing in the record to indicate any error on the part of the district court.

**3.** Fed.R.Crim.P. 33 provides in relevant part: "The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, . . . . A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7–day period."

1994. On April 5, 1995, the district court denied Wiman's motion for new trial on the ground that the court lacked authority to consider the motion because it had not been filed within the seven day period specified by Rule 33.[4]

Because Wiman's motion for new trial did not allege newly discovered evidence, Rule 33's seven day time limit was applicable, and Wiman does not contend otherwise. Wiman concedes, as he must, that the December 23, 1994 motion for new trial was filed beyond the seven days contemplated by Rule 33. Moreover, any order extending the time to file a motion for new trial must be issued within the seven-day period.[5] *United States v. Castillo,* 965 F.2d 238, 242 (7th Cir.), *cert. denied,* 506 U.S. 874, 113 S.Ct. 212, 121 L.Ed.2d 152 (1992); *United States v. Benson,* 941 F.2d 598, 608–09 (7th Cir.1991); *United States v. Hocking,* 841 F.2d 735, 736 (7th Cir.1988).

■ This would seem to be the end of the inquiry, but Wiman argues that when the district court issued its notice on November 14, 1994, which directed Wiman's then defense counsel to determine whether any post-trial motions were appropriate, the district court thereby implicitly granted an extension of time within which to file Wiman's motion for new trial.[6] The problem with this argument is that it implies too much into the district court's notice. While the notice did direct Wiman's counsel to determine whether any post-trial motions would be appropriate, it did not specifically refer to a motion for new trial much less an extension of time within which to file one. Wiman concedes

here that the district court did not impose any time limit on the purported extension he would have us recognize. Wiman attempts to explain away this anomaly by suggesting that the "extension" would have terminated automatically upon sentencing, but he fails to cite any authority for his interpretation of the notice.

If an extension had been intended, it is reasonable to presume that the district court would have so stated and the length of any extension would have been specified. The district court which issued the notice did not accept Wiman's interpretation and neither do we. Wiman's *pro se* motion for new trial filed on December 23, 1994 is therefore untimely. A district court does not commit error when it denies a motion for new trial that it lacks the authority to grant. *Benson,* 941 F.2d at 608.

■ Alternatively, Wiman contends that the district court should have held evidentiary hearings on his claims of ineffective assistance of counsel prior to sentencing by treating his motion for new trial as, in effect, either a motion for relief under 28 U.S.C. § 2255[7] or a dispute requiring resolution prior to sentencing under Fed.R.Crim.P. 32(a). Wiman fails, however, to identify any relevant points or authorities in support of these novel arguments and we need not consider them.

## D. *Ineffective Assistance of Counsel.*

■ Wiman also identifies here a number of grounds in support of the contention, first raised in his motion for new trial below, that

---

4. The district court did not reach the merits of the matters asserted in the motion for new trial and suggested that Wiman consider raising his ineffective assistance claim in a motion for relief under 28 U.S.C. § 2255 after sentencing.

5. Fed.R.Crim.P. 45(b) provides, in relevant part, that: "the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them."

6. Wiman does suggest an alternative argument in his brief that the district court "in effect" treated the *pro se* letter as a motion for new trial and that the notice merely directed counsel to "take such steps as counsel might deem necessary in

the filing of motions." (Wiman Br. at 29). In other words, Wiman argues that the letter should be regarded as "a motion causing the Court to take the matter under advisement and direct legal supplement." *Id.* As Wiman did not propose this reading of the notice to the district court in his motion for new trial, we deem this argument waived.

7. A motion for relief under 28 U.S.C. § 2255 may be made "at any time" by "[a] prisoner in custody under sentence of a court. . . ." Because Wiman was not under sentence at the time the district court resolved his motion for new trial, we agree with the district court that his request for relief under this statute was premature.

he received ineffective assistance of counsel. Wiman asserts, however, that his list is not exhaustive as it includes only those aspects of his claim that are "arguable from the record." (Wiman Br. at 32).

■ The preferred method for raising a claim of ineffective assistance of counsel is either by bringing a motion for new trial or a request for collateral relief under 28 U.S.C. § 2255. *Boyles*, 57 F.3d at 550; *United States v. Mojica*, 984 F.2d 1426, 1452 (7th Cir.), *cert. denied*, 508 U.S. 947, 113 S.Ct. 2433, 124 L.Ed.2d 653 (1993), — U.S. —, 115 S.Ct. 2633, 132 L.Ed.2d 873 (1995); *United States v. Taglia*, 922 F.2d 413, 417–19 (7th Cir.), *cert. denied*, 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991). We may, however, review the merits of such a claim when raised for the first time on direct appeal if the record is "sufficiently developed," *United States v. Asubonteng*, 895 F.2d 424, 428 (7th Cir.), *cert. denied*, 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990), or if the issue is "sufficiently clear-cut and can be conclusively determined from the trial record . . . ." *United States v. Fish*, 34 F.3d 488, 491 n. 1 (7th Cir.1994); *United States v. Zarnes*, 33 F.3d 1454, 1473 (7th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 2286, 132 L.Ed.2d 288 (1995). We may also consider such claims if "both parties ask us to resolve the matter, the question has been briefed and argued, and the entire trial record is before us." *United States v. Reiswitz*, 941 F.2d 488, 495 (7th Cir.1991). If, however, we do reach the merits and resolve them against Wiman, he will likely be barred from attempting to raise them again in any subsequent motion for collateral relief. *Olmstead v. United States*, 55 F.3d 316, 318–19 (7th Cir.1995); *Taylor v. United States*, 798 F.2d 271, 272–73 (7th Cir.1986), *cert. denied*, 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 983 (1987).

It is not clear to us whether Wiman would like us to consider his ineffective assistance claim in this appeal on the present, limited record, or whether he has raised the issue only because it was part of his untimely motion for a new trial.[8] Our efforts to discern whether Wiman truly wishes us to reach the merits in the absence of a developed record are hampered by the lack of a reply brief and the decision of the parties to forego their opportunity for oral argument. In his main brief, however, Wiman contends that he at least is entitled to a remand so that the district court may hold an evidentiary hearing to consider the merits of his ineffective assistance claim. (Wiman Br. at 26). Although Wiman includes a separate section in his brief addressing certain components of that claim, his continuing request for an evidentiary hearing is inconsistent with the notion that the record is "sufficiently developed" so as to allow for resolution of those claims here. Wiman clearly contemplates that the record is currently insufficient to support his ineffective assistance claim, and it seems that he is asking us not so much to consider it ourselves, but to require the district court to consider it after an evidentiary hearing below. As the district court pointed out, that relief is available to Wiman in a separate proceeding under 28 U.S.C. § 2255.

We have often refused to review a claim of ineffective assistance raised for the first time on direct appeal under circumstances where we perceive "the trial record as being inadequate to decide the issue." *United States v. Morgano*, 39 F.3d 1358, 1375 (7th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 2559, 132 L.Ed.2d 813 (1995); *United States v. Marshall*, 985 F.2d 901, 906 (7th Cir.), *cert. denied*, 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662, — U.S. —, 114 S.Ct. 102, 126 L.Ed.2d 69 (1993); *Mojica*, 984 F.2d at 1452–53; *United States v. D'Iguillont*, 979 F.2d 612, 614–15 (7th Cir.1992), *cert. denied*, 507 U.S. 1040, 113 S.Ct. 1873, 123 L.Ed.2d 492 (1993). We have declined review under these circumstances even in the face of a

---

8. Much of Wiman's claim of ineffective assistance of counsel appears to relate to the reasonableness of his attorney's trial strategy and tactics and the alleged failure of his attorney to conduct a proper investigation. We have observed that "evidence outside of the record will ordinarily be required to demonstrate the deficiency in counsel's performance . . . ." *Fish*, 34 F.3d at 491 n. 1; *Guinan v. United States*, 6 F.3d 468, 471 (7th Cir.1993); *Bond v. United States*, 1 F.3d 631, 635 (7th Cir.1993). We note that Wiman has thus far been unsuccessful in his attempts to supplement the record to support this claim.

"defendant's presumably voluntary decision to immediately charge forward with the claim on direct appeal." *Morgano,* 39 F.3d at 1375.

We have doubt that the record is sufficiently developed to permit resolution of Wiman's claim of ineffective assistance of counsel. Even more fundamentally, however, we do not believe that Wiman is asking us to determine the merits of his claim here. Without a clear indication that his claim of ineffective assistance of counsel is before us on the unadorned trial record, we will not reach it.

AFFIRMED.