**UNITED STATES of America, Plaintiff–Appellant,**

v.

**David S. MORRIS and Brenda J. Cummings, Defendants–Appellees.**

**No. 01–4151.**

United States Court of Appeals, Seventh Circuit.

ARGUED April 2, 2002.

DECIDED July 1, 2002.

Before POSNER, MANION, and KANNE, Circuit Judges.

## ORDER

Defendants David S. Morris and Brenda J. Cummings were charged in a two-count superceding indictment under 18 U.S.C. § 1029(b)(2) for conspiracy to use unauthorized access devices to obtain confidential information and under 18 U.S.C. § 1962(d) for racketeering conspiracy. On March 3, 2000, a jury returned guilty verdicts against the defendants on both counts. Several months later, the defendants filed a motion for judgment of acquittal, which the district court denied. The district court then entered judgment on the jury's guilty verdicts, but did not set a briefing schedule for further post-trial motions.

Over the next seventeen months, the defendants filed several additional motions, including a motion for a new trial on May 22, 2000. The government argued that this motion for a new trial was untimely, but the district court ultimately considered and denied the motion. Nevertheless, on November 5, 2001, while no motion was pending, the district court ordered a new trial on the racketeering charge. The government appeals, arguing that the district court lacked jurisdiction to issue the new trial order on November 5, 2001.

Rule 33 of the Federal Rules of Criminal Procedure provides in relevant part:

On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require.... A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty.... A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7–day period.

We agree with the government that the district court did not have jurisdiction to order a new trial on November 5, 2001 for two reasons. First, the district court did not have jurisdiction to order a new trial because there was no motion pending. *See United States v. Brown,* 587 F.2d 187, 189–90 (5th Cir.1979) (holding that district court "is powerless to order a new trial except on the motion of the defendant") (*citing* FED. R. CRIM. P. 33).

Moreover, even if we consider the defendants' May 22, 2000 motion for a new trial as somehow pending when the district court entered its order, the district court still did not have jurisdiction. Because that motion did not allege "newly discovered evidence," for the district court to have had jurisdiction to grant it, it must have been filed within seven days after the return of verdict.[1] *See United States v. Wiman,* 77 F.3d 981, 986–87 (7th Cir.1996). In this case, the jury returned its verdict on March 3, 2000, and the defendants did not file the motion for a new trial until May 22, 2000—well outside of Rule 33's time limit. *See id.; see also* 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 558, at 364–65 (2d ed. 1982) ("If trial was to a jury, [the Rule 33 time limit] runs from the return of the verdict rather than the date of sentence.").

Because the district court did not have jurisdiction to order the new trial, its action is a "nullity," *United States v. Green,* 414 F.2d 1174, 1175 (D.C.Cir.1969), and we REVERSE and REMAND to the district court for sentencing.

---

1. Additionally, a new trial motion can be made "within such further time as the court may fix during the 7–day period." FED. R.

CRIM. P. 33. In this case, the district court did not fix such a time period, so this clause is irrelevant to the present appeal.