**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**Tremmel BROADWATER,**
**Defendant–Appellant.**

**No. 02–2426.**

United States Court of Appeals,
Seventh Circuit.

Argued April 1, 2003.

Decided May 30, 2003.

Before FLAUM, Chief Judge,
COFFEY, and EVANS, Circuit Judges.

## ORDER

On February 7, 2001, a federal grand jury in the Northern District of Indiana returned a three-count indictment against Tremmel Broadwater ("Broadwater"), alleging that he had on two occasions within the previous month knowingly and intentionally distributed crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The grand jury also charged Broadwater with contemporaneously possessing with intent to distribute crack cocaine. Broadwater, represented by counsel, entered a plea of not guilty to the indictment.

On November 1, 2001, on the fourth day of trial, a jury found Broadwater guilty on all three counts. In this appeal, Broadwa-ter challenges his conviction on the grounds that he was denied the effective assistance of counsel. We affirm.

## I. FACTUAL BACKGROUND

In December 2000, an anonymous female informant provided information to the Drug Enforcement Agency (DEA) that Broadwater was involved with drug activity. DEA Agent Eric Lee opened an investigation, and began an attempt to make an undercover drug buy from Broadwater. Lee instructed the informant to introduce Lee to Broadwater as the informant's "Uncle Toon" and to ask him if he could get her "uncle" two ounces of cocaine.

On January 2, 2001, Agent Lee spoke with Broadwater and set the price for two ounces of cocaine. On January 8, Lee met Broadwater and purchased 49.3 grams of crack cocaine from him. Lee called Broadwater again on January 12, 2001 to conduct a second transaction. Broadwater sold Agent Lee 121.3 grams of crack cocaine that day. The third and final transaction was initiated by Lee on January 19, 2001, and conducted three days later at a local restaurant. Immediately after this transaction, the authorities from the East Chicago (Indiana) police department who had been observing the buy stopped Broadwater's car and recovered 150.6 grams of crack cocaine from the trunk of the car. Broadwater was then arrested.

At trial, Broadwater asserted the defense of entrapment. It is well established that defendants raising an entrapment defense must produce evidence of their own lack of predisposition as well as inducement by the government. *See, e.g., United States v. Blassingame*, 197 F.3d 271, 279 (7th Cir.1999). Broadwater testified that he would not have sold Agent Lee the cocaine but for a promise—made by the female confidential informant—that if

Broadwater sold cocaine to her "Uncle Toon," she would arrange for a three-way sexual encounter between herself, her cousin, and Broadwater.

To counter Broadwater's entrapment defense, the government sought to attack Broadwater's credibility. Thus, on cross-examination, the government asked Broadwater about his two prior felony convictions: one for possession of an unauthorized weapon in 1993, and another conviction for the same offense in 1995. To establish further evidence that Broadwater was not entrapped, the government called a rebuttal witness, Shawn Sartin, who testified that he had purchased crack cocaine from Broadwater on several occasions, beginning in 1998 and continuing until Sartin's arrest in July 2000. Sartin also testified that these occasions usually took place in front of a liquor store on the south side of Chicago, and generally involved two to three ounces of crack cocaine at a time. The jury found Broadwater guilty on all three drug counts.

At sentencing, the court enhanced Broadwater's offense by two levels for obstruction of justice as a result of his perjured trial testimony. The trial judge specifically stated that he found the defendant's testimony "that he had not sold drugs before" was "not credible" and that "this testimony was relevant and material to the issues of fact in this case." The judge concluded: "The Court finds that the defendant's testimony was not only not credible, that it was perjurious and that he had, in fact, perjured himself during this time." Broadwater was then sentenced to a 300 month term of imprisonment.

## II. ANALYSIS

In this appeal, Broadwater argues that he was denied the effective assistance of counsel on two separate occasions during trial: first, when his trial attorney failed to object to the elicitation of the existence of two prior felony convictions during cross examination, and second, when his trial attorney failed to object to the admission of evidence regarding Broadwater's involvement in prior drug transactions.

This Court may review the merits of a claim of ineffective assistance of counsel raised for the first time on direct appeal "if the record is sufficiently developed or if the issue is sufficiently clear-cut and can be conclusively determined from the trial record." *United States v. Wiman*, 77 F.3d 981, 988 (7th Cir.1996). This Court may also consider the claim if "both parties ask us to resolve the matter, the question has been briefed and argued, and the entire record is before us." *Id.*

To prevail on a Sixth Amendment Claim for ineffective assistance of counsel, Broadwater must demonstrate that (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the attorney's deficient performance actually prejudiced the petitioner. *Brown v. Sternes*, 304 F.3d 677, 691 (7th Cir.2002) (*quoting Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Review of the first prong under the *Strickland* test "contemplates deference to strategic decision...." *Brown*, 304 F.3d at 691 (quoting *Williams v. Washington*, 59 F.3d 673, 679 (7th Cir.1995)). When an attorney articulates some strategic reason for a decision, we will ordinarily defer to that choice. *See, e.g., Stewart v. Gramley*, 74 F.3d 132, 135 (7th Cir.1996). At the same time, this Court has acknowledged that it is not the role of a reviewing court to engage in "a *post hoc* rationalization for an attorney's actions by constructing strategic defenses that counsel does not offer or engage in Monday morning quarter-

backing." *Brown*, 304 F.3d at 691 (internal quotations omitted). Given the strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, *see Strickland*, 466 U.S. at 689, Broadwater must overcome the presumption that "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

The second prong of the *Strickland* test requires Broadwater to "demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Brown*, 304 F.3d at 696 (quoting *Strickland*, 466 U.S. at 694.) It is not sufficient to show that the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 693–94.

## A. Prior Felony Convictions

Broadwater argues that his testimony regarding his two prior felony convictions for possession of unauthorized weapons should not have been elicited because he did not "open the door" to this line of questioning on direct examination. Under Fed.R.Evid. 609(a)(1), "for the purpose of attacking the credibility of a witness, ... evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Broadwater argues that if his trial counsel had made a timely objection to questions regarding the prior felonies, the court would have sustained the objection on the grounds that the convictions are not close in time to this incident, and that nature of the convictions has nothing to do with the specific intent crime of possessing and distributing drugs.

This Court has articulated five factors to consider when determining whether the probative value of evidence concerning a witness's prior conviction outweighs the prejudicial effect against the witness: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976).

■ This Court has held that evidence of crimes dissimilar to the charged crime negates the danger of prejudicing the jury. *U.S. v. Hernandez*, 106 F.3d 737, 740 (7th Cir.1997). We have also held that the use of limiting instructions such as the one the trial judge used in this case—directing the jury that evidence of prior felony convictions cannot be used to demonstrate propensity to commit a crime, but may only be allowed to impeach a defendant's testimony—curtails the possibility that such evidence would have a prejudicial effect. *See, e.g., United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir.1993). Furthermore, the prior convictions in this case were not more than ten years removed from this incident and would thus not be time barred by Rule 609(b) of the Federal Rules of Evidence.

Broadwater's credibility was already a central issue for the jury because of the entrapment defense raised. Broadwater also subjected himself to cross-examination by deciding to take the stand. In light of the limiting jury instructions given by the court (directing the jury to consider the evidence of Broadwater's prior felony convictions only for their impeachment value and not as evidence that Broadwater had a propensity to commit a crime), the dissimilarity in the nature of the prior crimes, the

time elapsed since the last convictions, and Broadwater's entrapment defense strategy, it is most unlikely that objecting to such questioning would have barred the reception of the evidence of Broadwater's prior convictions. Therefore, based upon the record before us, it cannot be said that Broadwater's trial attorney was "unreasonably deficient."

**B. Prior Drug Dealing Transactions**

Broadwater's next contention is that his trial counsel was ineffective when he failed to object to testimony given by a government witness, Shawn Sartin, regarding prior drug transactions that occurred between Sartin and Broadwater in the past. Broadwater argues that this evidence was used by the government only to demonstrate that since Broadwater had broken the law before, thus he must have broken it again. He avers that if his trial counsel would have objected to this testimony and argued that the prejudicial effect outweighed any probative value, the court may not have allowed this evidence in. Thus, according to Broadwater, his trial counsel's performance fell outside the range of professionally competent representation by not objecting to this damaging evidence.

Evidence of prior bad acts by the defendant is governed by Federal Rule of Evidence 404(b). This Court has developed a four-prong test for the admission of evidence under this rule. The evidence of the other act must: (1) be directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) demonstrate that the other act is similar and close enough in time to be relevant to the matter in issue; (3) be sufficient to support a jury finding that the defendant committed the similar act; and (4) have probative value that is not substantially outweighed by the danger of unfair prejudice. *See, e.g., United States v. Moore,* 115 F.3d 1348, 1354 (7th Cir.1997).

As noted above, Broadwater's defense to the crimes with which he was charged was entrapment. Evidence of prior drug dealing transactions to prove predisposition in such a case is admissible. As this Court has stated before, "[e]vidence of other bad acts is also admissible to prove predisposition in an entrapment case, because in such a case the defendant's predisposition to commit the charged crime is legitimately at issue." *United States v. Swiatek,* 819 F.2d 721, 728 (7th Cir.1987). In this case, Broadwater's predisposition to deal drugs was legitimately at issue. Although this evidence is certainly prejudicial and damning to Broadwater, it is not *unfairly* so. From our review of the testimony, nor is it apparent that the trial counsel's conduct thus fell below an objective standard of reasonableness, as Broadwater would have us believe, as the reception of this evidence would most likely been allowed, even if his trial attorney had objected.

**III. CONCLUSION**

As Broadwater has failed to demonstrate that his trial attorney's conduct fell below an objective standard of reasonableness in failing to object to either evidence of (1) his prior felony convictions or (2) his prior drug dealing transactions, he does not meet the first prong of the *Strickland* test establishing deficient performance. Therefore, his conviction is

AFFIRMED.