NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2012[*]
Decided July 20, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3893

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:01-CR-15 |
| TREMMEL BROADWATER *Defendant-Appellant*. | Rudy Lozano, *Judge*. |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Tremmel Broadwater appeals pro se from the district court's denial of his motion to reduce his sentence based on a retroactive amendment to the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2). Because the amendment did not lower Broadwater's guidelines range, we affirm.

Broadwater was convicted by a jury of two counts of distributing crack cocaine and one count of possessing crack cocaine with the intent to distribute it. See 21 U.S.C. § 841(a)(1). The district court sentenced Broadwater within his applicable guidelines range to three concurrent 300-month sentences. We affirmed his conviction and sentence. *United States v. Broadwater*, 65 F. App'x 571 (7th Cir. 2003).

In 2009 Broadwater moved under § 3582(c)(2) to reduce his sentence based on amendments 706 and 713 to the guidelines, which retroactively reduced from 34 to 32 the base offense level for the amount of crack cocaine for which he was held responsible (321.2 grams). U.S.S.G. App. C, Vol. III 226–231, 253 (2011). The district court granted the motion and reduced his sentence to 236 months, the middle of the amended guidelines range.

In 2011 Broadwater again moved under § 3582(c)(2) to reduce his sentence, this time based on amendment 750, which altered the drug quantity tables based on the Fair Sentencing Act of 2010. U.S.S.G. App. C, Vol. III 391-98, 416-21. But the district court denied Broadwater's motion after concluding that the amendment did not lower his guidelines range any further, and thus he was not eligible for a reduction in his sentence. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a).

On appeal Broadwater contends that the district court erred in finding that amendment 750 did not reduce his guidelines range. His argument is difficult to follow, but he seems to suggest that amendments 706 and 750 in tandem qualify him for a further reduction in his sentence than he received.

Broadwater misapprehends how § 3582(c)(2) operates. A district court may reduce a defendant's sentence under § 3582(c)(2) only if an amendment to the guidelines lowers the defendant's guidelines range. See U.S.S.G. § 1B1.10(a); *Dillon v. United States*, 130 S. Ct. 2683, 2688–89 (2010). But this was not the case with Broadwater. His base offense level had already been lowered to 32 by amendment 706 and could not be reduced further by amendment 750, which assigns the same base offense level of 32 to defendants like Broadwater who are responsible for between 280 to 840 grams of crack cocaine. Because his guidelines range did not change, the district court could not further reduce his sentence under § 3582(c)(2).

AFFIRMED.