[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11911
Non-Argument Calendar

_____

D. C. Docket No. 98-00008-CR-5-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS DEGLACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 19, 2008)**

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Carlos Deglace, convicted by a jury of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine, all in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(iii) and 846, appeals (1) the district court's <u>sua sponte</u> reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), from 364 to 294 months' imprisonment; and (2) motion for reconsideration. Specifically, Deglace argues that the district court erred in (1) denying his motion for reconsideration; (2) not considering his post-sentencing conduct and the 18 U.S.C. § 3553(a) factors, or giving him notice and an opportunity to be heard on these matters; (3) failing to re-calculate at re-sentencing the drug amount for which he was responsible; and (4) not applying <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and not considering the Sentencing Guidelines in an advisory manner at re-sentencing.[1] For the reasons set forth below, we affirm in part and vacate and remand in part.

## I. Motion for Reconsideration

In <u>United States v. Fair</u>, 326 F.3d 1317, 1318 (11th Cir.2003), we held that, because "a § 3582(c)(2) motion is not a civil post-conviction action, but rather a continuation of a criminal case," a defendant cannot use the reconsideration

---

[1] Deglace also argues that the district court erred in not using the 2007 manual in re-sentencing him because the manual used was applied in a mandatory manner. This argument is part and parcel of his <u>Booker</u> argument.

procedures of Fed.R.Crim.P. 60 to challenge the district court's denial, but must instead proceed to direct appeal. In United States v. Vicaria, 963 F.2d 1412, 1414 (11th Cir.1992), we stated that the Federal Rules of Criminal Procedure do not "expressly authorize[]" a motion for reconsideration from a criminal order.[2] Based on the above precedent, the district court here properly denied Deglace's motion for reconsideration, as this motion was not a proper filing. See Fair, 326 F.3d at 1318; Vicaria, 963 F.2d at 1414.[3] Accordingly, we affirm as to this issue.

## II. Sua Sponte Reduction

We review the denial of a motion for modification of sentence for an abuse of discretion. Moreno v. United States, 421 F.3d 1217, 1219 (11th Cir. 2007). We review de novo "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).

---

[2] We also acknowledged that, although there is no federal rule of criminal procedure allowing motions for reconsideration, the Supreme Court long has held that the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal. Vicaria, 963 F.2d at 1414. In the instant case, Deglace timely appealed the district court's § 3582(c)(2) order and the motion to reconsider is not necessary to toll the time to appeal.

[3] It is notable, however, that when, as here, the district court sua sponte reduces the defendant's sentence without first ordering briefs or conducting a hearing, the only method by which the defendant can express his arguments is a motion for reconsideration or similar filing. Thus, to the extent that the improper filing of the motion to reconsider means that his claims are raised here for the first time on appeal, we nevertheless entertain them. See Fed.R.Crim.P. 51(b) ("If a party does not have an opportunity to object to the ruling or order, the absence of an objection does not later prejudice that party.").

Pursuant to § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the sentence was determined using a guideline imprisonment range that subsequent retroactive amendments to the Guidelines have reduced and if the district court has considered the applicable factors set forth in § 3553(a) and determined that a reduction would be consistent with the policy statements issued by the Sentencing Commission, which are contained in U.S.S.G. § 1B1.10. 18 U.S.C. § 3582(c). The district court may consider a § 3582(c)(2) reduction "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." Id.

In determining whether, and to what extent, a § 3582(c)(2) motion is warranted, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must substitute the amended base offense level for the originally applied base offense level and determine what sentence it would have imposed had the amended base offense level been in effect at the time of the original sentencing. Id. at 780-81. In making this determination, the district court must leave intact all other guideline application decisions made during the original sentencing. Second, the district court must decide whether, in its discretion, it will elect to impose the newly calculated sentence or retain the original sentence. Id. at 781. In making this

4

determination, the district court: (1) shall consider the § 3553(a) factors; (2) shall consider the nature and seriousness of the danger to any person or the community posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B 1.10, comment. (n. 1(B)).

## A. Articulation of § 3553(a) Factors

As an initial matter, Deglace's argument that the district court failed to consider his post-sentencing conduct is without merit, as consideration of this matter is within the district court's discretion. See U.S.S.G. § 1B 1.10, comment. (n. 1(B)) (holding that the district court "may" consider the defendant's post-sentencing conduct). Also, Deglace's argument that the district court failed to give him notice and an opportunity to be heard on the § 3553(a) factors, as § 3582 does not include a notice or hearing provision. See generally 18 U.S.C. § 3582.

With regard to the district court's explanation of its decision whether, and to what extent, a § 3582(c)(2) motion is warranted, we have held in the context of a denied § 3582(c)(2) motion that "a district court commits no reversible error by failing to articulate specifically the applicability - if any - of each of the [§] 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). In that case, we held that the district court's statement that it had

5

"reviewed the motions, the Government's [response], the record, and [] otherwise [was] duly advised" was sufficient, especially as (1) the motion set forth the §3553(a) factors "word for word," (2) the government's response cited facts "relevant to the necessary section 3553(a) inquiry," and (3) the same judge presided over both the original sentencing and re-sentencing.  Id. at 1322-23.

Here, the district court abused its discretion in failing to articulate that it had considered the § 3553(a) factors in reducing Deglace's sentence.  See Moreno, 421 F.3d at 1219; U.S. v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004); U.S.S.G. § 1B 1.10, comment. (n. 1(B)).  While Eggersdorf concerned the district court's denial of a § 3582(c)(2) motion, there is no reason that our concern in that case should not apply in the granted-reduction context.  See Eggersdorf, 126 F.3d at 1322.  This is especially true when, as here, the district court imposed a sentence in the middle, rather than at the low end, of the guideline imprisonment range.  Moreover, the commentary to the policy statement indicates that the district court should consider the § 3553(a) factors in determining the extent of the reduction.  See U.S.S.G. § 1B1.10, comment. (n.1(B)(i)).  Despite this case law and these policy statements, the district court's orders in question do not indicate the district court's reasoning.  Also, because the district court sua sponte granted the reduction, there is no relevant pre-reduction record, such that the record does not demonstrate that the

6

district court considered the factors by way of the parties presenting arguments on the subject. See Eggersdorf, 126 F.3d at 1322. Accordingly, we remand for further explanation as to this matter.

## B. Drug Amount

With regard to the scope of the district court's authority under § 3582(c)(2), we have held that § 3582(c)(2) proceedings do not constitute a full, or de novo, re-sentencing of the defendant. Moreno, 421 F.3d at 1220. We specifically have held that we will not revisit the drug quantity used at sentencing in the course of § 3582(c)(2) proceedings. United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir.1997) (upholding the district court's refusal to re-examine the number of marijuana plants involved in the offense in question and rejecting the defendant's argument that the district court should have heard new evidence on the drug quantity at a hearing).

Based on the above precedent, the district court properly declined to re-address the drug-amount issue. See id. In re-sentencing the defendant under § 3582(c)(2), the district court must leave intact all guideline application decisions made during the original sentencing, save the specific change made by the amendment in question. Bravo, 203 F.3d at 780. The district court does not have authority to revisit other factual matters, including drug quantity. See Moreno, 421

7

F.3d at 1220;  <u>Cothran</u>, 106 F.3d at 1562.  Accordingly, we affirm as to this matter.

## C. Booker

We have yet to determine whether <u>Booker</u>'s requirement that the district court treat the Guidelines as advisory applies to § 3582(c)(2) proceedings where the court grants the reduction and amends the range, such that the district court may vary below the re-calculated guideline imprisonment range.  It does not appear, however, that application of <u>Booker</u> would alter Deglace's sentence.  Because the district court was required to consider the § 3553(a) factors and then chose a mid-range sentence  from the amended guideline imprisonment range, namely 294 months from a 262-to-327-month guideline imprisonment range, the facts do not suggest that anything mandatory about § 1B1.10  or the mandatory nature of the 1997 Guidelines under which Deglace was originally sentenced forced the district court to impose a sentence higher than it otherwise would.  Therefore, the district court's failure to consider the Guidelines in an advisory manner was harmless.  Accordingly, we affirm as to this matter.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**