[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2009
THOMAS K. KAHN
CLERK

No. 08-14088
Non-Argument Calendar
_____

D. C. Docket No. 02-00448-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY GIRARD WILLIAMS,
a.k.a. Jabo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 21, 2009)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Girard Williams, a federal prisoner convicted of crack cocaine offenses, appeals the district court's sua sponte reduction of his sentences under Amendment 706 and 18 U.S.C. § 3582(c)(2). Williams contends that the district court erred by concluding that it lacked the authority to reduce his sentences below the low end of his newly reduced guideline range on the ground that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), does not apply to § 3582(c)(2) proceedings.

We review de novo a district court's conclusions about the scope of its authority to reduce a sentence under 18 U.S.C. § 3582(c)(2). United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008). However, we will not reverse if any error is harmless. United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005).

It remains an open question in the Eleventh Circuit whether Booker's requirement that sentencing guidelines be treated as advisory rather than mandatory applies once § 3582(c) allows a resentencing. In fact, there is a circuit split on the issue. Compare United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008) (holding Booker inapplicable at a § 3582 resentencing) with United States v. Hicks, 472 F.3d 1167, 1168 (9th Cir. 2007) (holding that Booker does apply once resentencing is granted under § 3582(c)(2), so that a district court may depart

below the new guidelines level). However, although Williams strenuously argues that Booker should have been applied, we need not settle that issue in this case because any error committed by the district court in refusing to apply Booker was harmless.

There are two types of Booker errors— constitutional and statutory. Mathenia, 409 F.3d at 1291–92. When a court erroneously treats the sentencing guidelines as mandatory instead of advisory, it commits Booker statutory error. Mathenia, 409 F.3d at 1291 ("Statutory error occurs when the district court sentences a defendant under a mandatory guidelines scheme. . .") (citations, alteration, and quotation marks omitted). Booker statutory error is harmless if

> viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, 'or had but very slight effect.' If one can say 'with fair assurance . . . that the sentence was not substantially swayed by the error,' the sentence is due to be affirmed even though there was error.

Mathenia, 409 F.3d at 1292 (citations and alterations omitted).

In this case, the district court found that Booker did not apply at Williams' resentencing under § 3582. Therefore, the district court used the reduced offense levels created by Amendment 706 and presumably treated their corresponding sentencing guidelines as mandatory rather than advisory. The amended guidelines range applicable to Williams was 168 to 210 months imprisonment. In sentencing

3

Williams to 168 months, the district court stated that "even if <u>Booker</u> were applied, the Court would in all likelihood impose the same sentence." The district court added that "The Court is satisfied that [the sentence reduction afforded Defendant] is sufficient but not greater than necessary to comply with all of the factors considered under 18 U.S.C. § 3553(a)."

In light of these statements by the district court, we can say "with fair assurance . . . that the sentence was not swayed by the error," if any error occurred. <u>Mathenia</u>, 409 F.3d at 1292. Instead, it appears that the district court would have imposed the same 168-month sentence even if convinced that it had the authority to impose a sentence below the amended guidelines range. Therefore, any error the district court made in failing to apply <u>Booker</u> had no effect on Williams' sentence and was harmless under the <u>Mathenia</u> standard. We affirm.

**AFFIRMED.**