[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13752
Non-Argument Calendar

_____

D. C. Docket No. 01-00041-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN DECOSTA MOXAM,
a.k.a. Tyrone Smith,
a.k.a. Fat Shawn,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 28, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Shawn Decosta Moxam, convicted of crack cocaine offenses, appeals pro se the district court's denial as moot of his pro se motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

A jury convicted Moxam of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and possession with intent to distribute 5 grams or more of crack cocaine, in violation of § 841(a)(1) and (b)(1)(A)(iii) and (B)(iii). Moxam's guideline imprisonment range was 292 to 365 months, and he was sentenced to 328 months' imprisonment.

On April 29, 2008, the district court sua sponte reduced Moxam's guideline imprisonment range to 235 to 293 months and his sentence to 264 months' imprisonment, pursuant to § 3582(c)(2) and Amendment 706. On May 22, 2008, Moxam filed a pro se motion to reduce sentence, pursuant to Amendment 706. Moxam asserted that the district court should exercise its discretion under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and reduce his sentence to 235 months' imprisonment "at most." On May 30, 2008, the district court denied the § 3582(c)(2) motion as moot. On June 16, 2008, Moxam filed a motion for reconsideration, which the district court denied on

June 20, 2008.

We sua sponte dismissed the notice of appeal ("NOA") to the extent it concerned the denial of the motion for reconsideration, on the ground that the motion for reconsideration was not timely filed and, therefore, not separately appealable. We also noted that the NOA was untimely to the extent it concerned the May 30, 2008 denial of Moxam's § 3582(c)(2) motion, but remanded to the district court for a determination of whether the delayed filing was a result of good cause of excusable neglect. The district court found that Moxam had shown good cause and granted an extension of time for his untimely NOA. Accordingly, our review is limited to the district court's denial of Moxam's § 3582(c) motion.

## II.

We review de novo "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554). Pursuant to § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence (1) if the sentence was determined using a guideline imprisonment range that subsequent retroactive amendments to the Guidelines have reduced, (2) if the district court has considered the applicable factors set forth in 18 U.S.C. § 3553(a),

3

and (3) the reduction would be consistent with the policy statements issued by the Sentencing Commission, which are contained in U.S.S.G. § 1B1.10. 18 U.S.C. § 3582(c). The district court may consider a § 3582(c)(2) reduction "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." Id.

In determining whether, and to what extent, a § 3582(c)(2) motion is warranted, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must substitute the amended base offense level for the originally applied base offense level and determine what sentence it would have imposed had the amended base offense level been in effect at the time of the original sentencing. Id. at 780-81. Second, the district court must decide whether, in its discretion, it will elect to impose the newly calculated sentence or retain the original sentence. Id. at 781. In making this determination, the district court: (1) shall consider the § 3553(a) factors; (2) shall consider the nature and seriousness of the danger to any person or the community posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant. U.S.S.G. § 1B 1.10, comment. (n. 1(B)).

In a recent decision, we held that, once the district court has determined the defendant's amended guideline imprisonment range and that a reduction is

warranted, it may not rely on <u>Booker</u> and impose a sentence below that guideline imprisonment range. <u>United States v. Melvin</u>, No. 08-13497 (11th Cir.), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664). We noted that U.S.S.G. § 1B1.10(b)(2)(A) instructs that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]" and we held that <u>Booker</u> did not prohibit this limitation on the district court's discretion in re-sentencing the defendant under § 3582(c)(2). <u>Id.</u> at 5, 7, 9-10.

**III.**

The district court erred in denying Moxam's § 3582(c)(2) motion as moot. Although Moxam was requesting a sentence reduction under Amendment 706, and the district court already had granted such a reduction, Moxam's <u>pro se</u> § 3582(c)(2) motion challenged the extent of the district court's reduction and, liberally construed, requested a sentence below the guideline imprisonment range, by indicating that the sentence should be reduced to 235 months' imprisonment "at most" and citing <u>Booker</u> and <u>Kimbrough</u>. Thus, Moxam's § 3582(c)(2) motion presented an argument that the district court had yet to address. The district court's error, however, was harmless, because Moxam's arguments in his § 3582(c)(2) motion did not merit any relief. <u>See</u> Fed.R.Crim.P. 52(a) ("Any error, defect,

5

irregularity, or variance that does not affect substantial rights must be disregarded."). Moxam's argument that the district court should have treated his amended guideline imprisonment range as advisory and further reduced his sentence is without merit, as we have held that Booker is inapplicable at re-sentencing under § 3582(c)(2). See Melvin, No. 08-13497, manuscript op. at 5, 7.[1]

Moxam also argues on appeal that the district court failed to give him notice of its intent to sua sponte reduce his sentence, and an opportunity to present argument on the matter, and failed to consider his post-sentencing rehabilitative conduct and the continued disparity between cocaine and crack cocaine sentencing. The former argument is without merit, as § 3582 does not include a notice provision. See generally 18 U.S.C. § 3582. Likewise, the latter argument is without merit, as the applicable policy statement leaves consideration of post-sentencing conduct to the discretion of the district court and makes no mention of the need to consider the alleged continued disparity between cocaine and crack cocaine sentencing. See U.S.S.G. § 1B 1.10, comment. (n. 1(B)). Accordingly, we

_____

[1] On appeal, Moxam urges us to consider our recent holdings in the unpublished opinions of United States v. Williams, No. 08-14088 (11th Cir. Jan. 21, 2009), and United States v. Deglace, No. 08-11911 (11th Cir. Dec. 19, 2008). Neither Williams, in which we held, before Melvin was issued, that any error by the district court in treating the amended guideline imprisonment range as mandatory was harmless, nor Deglace, in which we remanded the case to the district court because it failed to adequately explain its application of the above-described two-part analysis, do not alter our conclusion that the district court did not err regarding Moxam. See Williams, No. 08-14088, manuscript op. at 3-4; Deglace, No. 08-11911, manuscript op. at 2.

affirm.

**AFFIRMED.**