

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2007

# USA v. Manigault

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2024

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Manigault" (2007). *2007 Decisions*. Paper 1305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2024

_____

UNITED STATES OF AMERICA

v.

KELIN MANIGAULT,
                              Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 05-cr-00187
District Judge:  The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2007

_____

Before: RENDELL, BARRY, and CHAGARES, <u>Circuit Judges</u>

( Filed: April 13, 2007)

_____

OPINION

_____

BARRY, <u>Circuit Judge</u>

Kelin Manigault appeals from the judgment of the District Court sentencing him to

235 months of imprisonment on his plea of guilty to two counts of violating 21 U.S.C. §

841(a)(1) (distribution and possession with intent to distribute crack cocaine). We will affirm.

The event at issue here began on December 9, 2004, when a tow truck operator towing an illegally parked car spotted a gun on the front seat of the car. When the police arrived, the tow truck operator opened the door of the car and the police recovered the gun, some marijuana, and 32 grams of crack cocaine. The registered owner, Richena Stanley, called the Harrisburg Bureau of Police to report that her car had been stolen. When the police contacted her, she told them that Manigault bought and used the car, but registered it in her name. She also told them that she had falsely reported the car as stolen on Manigault's instructions. She cooperated with the police, who recorded a phone call in which Manigault again instructed her to report the car as stolen.

An arrest warrant had been issued for Manigault when he failed to appear at sentencing on an unrelated drug offense. On March 29, 2005, police officers approached him as he was sitting in a parked car. Police recovered the 41 grams of crack cocaine he discarded as he unsuccessfully attempted to flee.

Manigault was charged in a five-count indictment, and ultimately pled guilty to two counts. He objected to two two-level enhancements relating to the December 9 event: obstruction of justice (U.S.S.G. § 3C1.1) and possession of a deadly weapon (U.S.S.G. § 2D1.1). He also objected to his classification as a career offender (U.S.S.G. § 4B1.1). The District Court rejected the objections and imposed sentence. He now

appeals.

**I.**

The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise appellate jurisdiction under 18 U.S.C. § 3742(a). Our review of the District Court's interpretation and application of the advisory sentencing guidelines is plenary, while factual determinations are reviewed for clear error. *United States v. Grier*, 475 F.3d 556, 569-70 (3d Cir. 2007) (en banc).

Although the sentencing guidelines are merely advisory, a district court is required to perform a complete analysis "in every case." *Grier*, 475 F.3d at 565. The facts relevant to the various guidelines factors need only be proved by a preponderance of the evidence. *Id*. at 568.

Manigault's first objection is that the application of § 3C1.1, allowing a sentencing enhancement for obstruction of justice, was not warranted for his instructions to Stanley to falsely report the car as stolen. He argues that Application Note 4(g) of U.S.S.G. § 3C1.1, one example in a non-exhaustive list of conduct warranting the enhancement, requires that a false statement have "significantly obstructed or impeded" the investigation. In his view, the facts in the Pre-Sentence Report do not reflect that the investigation was "significantly obstructed or impeded." He also directs our attention to Application Note 5(b), which states that "making false statements, not under oath, to law enforcement officers" does not warrant the enhancement unless Application Note 4(g)

3

applies.

The conduct addressed in Application Note 5 references ordinary, and less culpable, evasive conduct than that attributed to Manigault. Manigault twice requested that Stanley lie in an effort to interfere with the police investigation. A false record was produced (the stolen car report made by Stanley at Manigault's behest) during the investigation, and Stanley was directed to conceal evidence material to an investigation. U.S.S.G. § 3C1.1 Application Note 4(c) and (d). The § 3C1.1 enhancement was properly applied.

Manigault also objected to the application of an enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a deadly weapon during a drug trafficking offense. He argues that the District Court relied upon "hearsay" and not an admission by him or a finding by the jury that he possessed the gun found on the front seat of the car, in violation of *United States v. Booker*, 543 U.S. 220 (2005). Moreover, because the gun possession count was dropped as a result of the plea agreement, he argues that his sentence was enhanced for "acquitted conduct" in violation of the Sixth Amendment, again citing *Booker*.

We disagree. *Booker*'s teachings regarding the requirements of jury factfinding or admissions by a defendant were only applicable when the Sentencing Guidelines were mandatory. *See Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection

of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."). Judges have broad discretion to impose a sentence within a statutory range. *Id*. at 233. Indeed, unindicted conduct rising to the level of a crime can be found, by a preponderance of the evidence, to be a factor for enhancement so long as the sentence lies within the statutory maximum. *See Grier*, 475 F.3d at 561.

It was undisputed, moreover, that a gun was recovered from the car along with the drugs Manigault admitted to possessing. Given the proximity of the gun to the recovered drugs–both in the front seat of the car–it is not "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 3. And even assuming Manigault was "acquitted" of the gun possession charge when it was dismissed as part of the plea agreement, no relief was in order prior to *Booker* and no relief is in order after *Booker*. *See United States v. Watts*, 519 U.S. 148, 156-57 (1997) (allowing sentencing enhancements for acquitted conduct); *see also Grier*, 475 F.3d at 585 (Ambro, J., concurring in judgment) ("[E]very court of appeals to have spoken on the question so far has held that *Watts* remains good law.").

Finally, Manigault disputes the District Court's finding that he was a "career offender" under U.S.S.G. § 4B1.1. Conceding the other elements required to find an enhancement under § 4B1.1, he contends that he was not guilty of "two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). While not disputing one such conviction, he argues that his conviction under

5

18 Pa.C.S.A. § 2705 (Recklessly Endangering Another Person), was not a crime of violence as defined in U.S.S.G. § 4B1.2(a).

Application Note 1 defines a crime of violence as including conduct which "by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 Application Note 1. We look only to the elements of the charge and not to underlying facts in determining whether a particular conviction qualifies as a crime of violence. *Id.* Manigault pled guilty to 18 Pa.C.S.A. § 2705, which criminalizes "recklessly engag[ing] in conduct which places or may place another person in danger of death or serious bodily injury." The two elements of the crime are 1) recklessness and 2) placing another in danger of death or serious bodily injury. Recklessly placing another in danger of "death or serious bodily harm" is clearly conduct presenting a "serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 Application Note 1. Therefore, a violation of 18 Pa.C.S.A. § 2705 is a crime of violence and Manigault is a career offender under § 4B1.2.

For these reasons, we affirm the sentence imposed by the District Court.