**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODERICK V. WORMLEY,

Defendant - Appellant.

No. 12-2006
(D.C. No. 2:96-CR-00685-LH-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Roderick Wormley appeals from the district court's dismissal of his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2). He claims to be entitled to a reduced

sentence under the retroactive provisions of the Fair Sentencing Act (FSA), the 2010 law

which reduced the sentencing disparity between crack and powder cocaine. His

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

appointed counsel filed an *Anders* brief and moved to withdraw. Wormley declined our invitation to file a response. We grant counsel's motion and dismiss the appeal.

In 1997, a jury convicted Wormley of one count of possession with intent to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of conspiracy to do the same, *see* 21 U.S.C. § 846. He was sentenced to 252 months imprisonment, to be followed by a ten-year term of supervised release. We affirmed his convictions and sentence on direct appeal. *United States v. Wormley*, 176 F.3d 490 (10th Cir. 1999) (unpublished). In 2008, he filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on retroactive amendments to the sentencing guidelines applicable to his drug offenses. The district court granted the motion and reduced his term to 240 months, the statutory minimum.

Several years later, following Congress's enactment of the FSA, Wormley moved for a second sentence reduction. The FSA, which took effect on August 3, 2010, increases the amount of crack cocaine necessary to trigger certain mandatory minimum terms of imprisonment. Fair Sentencing Act of 2010, Pub. L. 111-220 § 2, 124 Stat. 2372 (2010). The FSA also directs the United States Sentencing Commission to make appropriate amendments to the guidelines. *Id*. § 8, 124 Stat. at 2374. The new amendments, which became effective in November 2010, lowered the guidelines range applicable to drug offenses similar to Wormley's; accordingly, he claims entitlement to a sentence reduction reflecting the lower ranges.

Under § 3582(c)(2), a court may reduce a previously imposed sentence only if the requested reduction is based on "a sentencing range that has subsequently been lowered

by the Sentencing Commission." But here the sentencing range could not have been lowered by the post-FSA amendments because it was constrained by the statutory minimum. Relying on our decision in *United States v. Smartt*, 129 F.3d 539 (10th Cir. 1997), the district court explained that Wormley's sentence "is based on the statutory mandatory minimum term of imprisonment, not upon a sentencing range that has subsequently been lowered by the United States Sentencing Commission. . . ." (R. 26). It dismissed the motion for lack of jurisdiction.

The district court's analysis is correct. Since Wormley was resentenced pursuant to the statutory minimum rather than the guidelines, he cannot claim to be serving a term of imprisonment based on a sentencing range that was later lowered by the Sentencing Commission. *Smartt*, 129 F.3d at 542; *see also United States v. Dryden*, 563 F.3d 1168, 1171 (10th Cir. 2009). Accordingly, the only nonfrivolous issue possibly available is whether the lower mandatory minimums in the FSA apply retroactively. But as counsel observes, our precedent forecloses this argument for offenders, like Wormley, who were sentenced before the Act's effective date. *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied,* 131 S. Ct. 1790 (2011). The federal courts of appeals are unanimous in this respect, *see United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1053 (2012) (collecting cases), and the Supreme Court declined to weigh in on the issue when it denied certiorari in *United States v. Fisher*, 635 F.3d 336, 337-38 (7th Cir.), *cert. denied*, 132 S. Ct. 762 (2011), a case involving a defendant who, like Wormley, sought the benefit of the more lenient mandatory minimum provisions in the FSA even though he had been sentenced before its effective

date.  The Supreme Court's decisions in *Dorsey v. United States*, __ U.S. __, 2012 WL 2344463 (June 21, 2012)*,* which stands for the narrow proposition that the lower mandatory minimum provisions in the FSA apply to defendants who committed their offense before the effective date but were sentenced after the FSA took effect, is likewise of no assistance in this matter.

In light of controlling precedent, and having examined the record of proceedings in the district court, *see Anders v. California*, 386 U.S. 738 (1967), we agree with counsel—contrary argument would be frivolous.

DISMISSED.

Counsel's motion to withdraw is GRANTED.

**Entered by the Court:**

**Terrence L. O'Brien**