CLD-437                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3499
_____

UNITED STATES OF AMERICA

v.

KELIN MANIGAULT,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 1-05-cr-00187-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: October 16, 2013)
_____

OPINION
_____

PER CURIAM

Kelin Manigault, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Middle District of Pennsylvania denying his motion

pursuant to 18 U.S.C. § 3582(c) to reduce his sentence.  For the reasons that follow, we

will affirm the judgment of the District Court.

Manigault pleaded guilty in 2005 to two counts of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 235 months in prison. We affirmed the judgment on direct appeal. United States v. Manigault, 228 F. App'x 183 (3d Cir. 2007) (unpublished decision).

In 2008, Manigault filed a motion pursuant to 18 U.S.C. § 3582(c) to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels for crack cocaine offenses. The District Court granted the motion and Manigault's sentence was reduced to 188 months in prison. Manigualt also filed in 2008, but without success, a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

In 2011, Manigault filed another motion pursuant to 18 U.S.C. § 3582(c) to reduce his sentence based on Amendment 750 to the Sentencing Guidelines, which also lowered the base offense levels for crack cocaine offenses. The Assistant Federal Public Defender appointed to represent Manigault moved to withdraw as counsel, asserting that Amendment 750 did not affect his sentence because he was sentenced as a career offender. The District Court granted counsel's motion to withdraw and denied Manigault's motion. This appeal followed.

A district court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement instructs that a reduction is not consistent with the policy statement and is not authorized if an amendment "does not have the effect

of lowering the defendant's applicable guideline range." United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). Thus, a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level. Id. (emphasis in original).

The record reflects that Manigault's base offense level under U.S.S.G. § 2D1.1 was 32 based on a drug quantity of 73 grams of cocaine base. Two points were added for possession of a firearm, two points were added for obstruction of justice, and three points were subtracted for acceptable of responsibility. Manigault's total offense level was 33 and his criminal history category was VI. Manigault was found to be a career offender, but because his offense level under the career offender guideline, U.S.S.G. § 4B1.1, was determined to be 31, and lower than the otherwise applicable offense level of 33, the offense level of 33 applied. See U.S.S.G. § 4B1.1(b). The applicable sentencing range was 235 to 293 months in prison.

When Manigault moved for a sentence reduction in 2008, the Probation Office recalculated his sentence under Amendment 706 and determined that the drug quantity involved resulted in a base offense level of 30. After adding and deducting the points noted above, the total offense level was 31, the same offense level that applied under the career offender guideline. The applicable sentencing range for an offense level of 31 and a Criminal History Category of VI was 188 to 235 months, lower than Manigault's

original sentencing range, and the District Court reduced his sentence to 188 months in prison.[1]

Manigault argues that he is entitled to another sentence reduction under Amendment 750, which was effective November 1, 2011 and also reduced the base offense levels for crack cocaine offenses. He contends that the drug quantity involved in his case now results in a base offense level of 26. After adding and deducting his other points, Manigault states that his total offense level is 27 and that his guideline range is lowered to 130 to 162 months based on his Criminal History Category of VI.

Manigault fails to fully account for his status as a career offender. To determine whether a reduction is warranted, we must consider what the sentencing range would have been had Amendment 750 been in place at the original sentencing. See United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) ("a retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of original sentence are applied"). When Amendment 750 is applied here, Manigault's amended base offense level under § 2D1.1 is 26. However, because he is a career offender, the offense level in § 4B1.1 applies if that offense level is higher than the calculated offense level. Mateo, 560 F.3d at 153. Although Manigault's offense level of 31 under § 4B1.1 was originally lower than the otherwise applicable offense level, had Amendment 750 been in effect, that offense level would have been higher than the

---

[1]In Mateo, we held that Amendment 706 did not affect a career offender's sentencing range, but there the original sentencing range was determined by the offense level in § 4B1.1 and that offense level remained unchanged. Mateo, 560 F.3d at 154-55.

calculated offense level. Thus, an offense level of 31 applies and results in a sentencing range of 188 to 135 months. This is the same sentencing range that the District Court used in reducing Manigault's sentence in 2008. Because Manigault's sentencing range is not further lowered by Amendment 750, the District Court did not err in denying his § 3582 motion. Cf. United States v. Ware, 694 F.3d 527, 532 (3d Cir. 2012) (Amendment 750 did not affect the guideline range where defendants were career offenders).[2]

Accordingly, we will affirm the judgment of the District Court.

---

[2]To the extent Manigault argues that he is entitled to a reduction of sentence under Freeman v. United States, 131 S. Ct. 2685 (2011), Freeman considered whether a sentence imposed pursuant to a plea agreement can be "based on" a sentencing range for purposes of § 3582(c). Freeman does not change the above analysis used to determine whether a sentencing range is lowered by a retroactive amendment.