*United States of America v. Derry*

# In the
# United States Court of Appeals
## For the Second Circuit

————

August Term, 2015

No. 15-1829

UNITED STATES OF AMERICA,
*Appellee*,

*v.*

LEROY DERRY,
*Defendant-Appellant.*[1]

————

Appeal from the United States District Court
for the District of Connecticut.
No. 97 Crim. 48 (MPS) — Michael P. Shea, *Judge*.

————

Argued: April 6, 2016
Decided: June 1, 2016

————

Before: POOLER, PARKER, and LIVINGSTON, *Circuit Judges*.

————

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

Appeal from an order of the United States District Court for the District of Connecticut (Shea, *J.*) denying Leroy Derry's motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). Derry received a sentence modification in 2011 based upon Amendment 750 to the Sentencing Guidelines and sought a second modification in 2015 based upon Amendment 782. The district court concluded that he was ineligible because Amendment 782 had not reduced his guideline range below that applied at his prior sentence modification. Derry contends that he is eligible because his amended guideline range is lower than the range applied at his original sentencing. We hold that when a defendant is serving a term of imprisonment that has been modified pursuant to § 3582(c)(2), his sentence is "based on" the guideline range applied at his most recent sentence modification, rather than the range applied at his original sentencing. Because Derry's sentence is "based on" a guideline range that has not been lowered by Amendment 782, he is ineligible for a sentence modification. The judgment of the district court is accordingly AFFIRMED.

————

DAVID S. KEENAN, Assistant Federal Defender, *for* Terence S. Ward, Federal Public Defender for the District of Connecticut, New Haven, Connecticut, *for Defendant-Appellant*.

AVI PERRY, Assistant United States Attorney (Michael E. Runowicz & Marc H. Silverman, Assistant United States Attorneys, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, *for Appellee*.

————

BARRINGTON D. PARKER, *Circuit Judge*:

A federal sentence ordinarily may not be modified once it has been imposed. 18 U.S.C. § 3582(b). An exception to this rule of finality arises when a defendant has been sentenced to a term of imprisonment "based on" a sentencing range that has "subsequently been lowered by" a retroactive amendment to the United States Sentencing Guidelines, *id.* § 3582(c)(2), and the "guideline range applicable to the defendant" has been "lowered as a result," U.S.S.G. § 1B1.10(a)(1). Under those circumstances, a district court may modify the term of imprisonment based upon the amended guideline range. U.S.S.G. § 1B1.10(b)(1).

This appeal calls on us to determine whether a defendant who has received a sentence modification is eligible for a further modification when, as a result of a subsequent Guidelines amendment, his revised guideline range is lower than that applied at his original sentencing but not lower than the range applied at his prior sentence modification. Leroy Derry was originally sentenced in 2009 to a term of 396 months' imprisonment based on a guideline range of 360 months to life. In 2011, he received a sentence modification based upon Amendment 750, which lowered the base offense level for his crack cocaine convictions and thereby reduced his guideline range to 235 to 293 months. In 2015, he sought a second modification based on Amendment 782, which again lowered the base offense level but, because of the Guidelines' grouping procedures, yielded the same guideline range as before. The United States District Court for the District of Connecticut (Shea, *J.*) concluded that Derry was ineligible for a second sentence modification because Amendment 782 did not further reduce his guideline range below that applied at his prior modification. Derry contends that he is eligible because his amended guideline range is lower than the range applied at his original sentencing.

We hold that when a defendant is serving a term of imprisonment that has been modified pursuant to § 3582(c)(2), his sentence is "based on" the guideline range applied at his most recent sentence modification, rather than the range applied at his original sentencing. Because Derry's sentence is "based on" a guideline range of 235 to 293 months and that range has not subsequently been lowered by Amendment 782, he is ineligible for a sentence modification. The judgment of the district court is accordingly affirmed.

## BACKGROUND

Derry is a former member of the Latin Kings street gang who was involved in the group's Connecticut chapter in the mid- to late-1990s. In 1998, a jury convicted him of multiple counts of conspiracy and possession with intent to distribute heroin or cocaine base, 21 U.S.C. §§ 841, 846, racketeering and racketeering conspiracy, 18 U.S.C. § 1962, attempted murder, and conspiracy to murder, 18 U.S.C. § 1959.

Prior to sentencing, the United States Probation Department prepared a Presentence Report ("PSR") that sorted Derry's convictions into three groups pursuant to the Guidelines' grouping provisions. See U.S.S.G. §§ 3D1.1–3D1.5. Group One included his convictions for racketeering and drug trafficking. Based on 104.2 grams of cocaine base, Probation calculated a base offense level of 32 under the crack cocaine guideline, § 2D1.1, and then added six levels for Derry's possession of a firearm and leadership role in the organization, §§ 2D1.1(b)(1), 3B1.1(a), yielding an adjusted offense level of 38. For Groups Two and Three, which included Derry's convictions for attempted murder and conspiracy to murder, Probation calculated adjusted offense levels of 32. Applying § 3D1.4, Probation then assigned one unit to Group One and one-half unit each to Groups Two and Three, added the two units to the highest adjusted offense level of 38, and calculated a total offense level of 40.

Because Derry's Criminal History level was Category IV, his corresponding guideline range was 360 months to life imprisonment. The district court (Nevas, *J.*) adopted the PSR's findings and calculations and sentenced Derry principally to a term of 396 months.

In 2011, the United States Sentencing Commission promulgated Amendments 750 and 759, which retroactively revised § 2D1.1 to reduce the base offense level for crack cocaine offenses. U.S.S.G. App'x C, Vol. III, Amends. 750, 759. In an addendum to the PSR, Probation concluded that Derry was eligible for a sentence modification because the amendments had reduced the base offense level for Group One to 26, resulting in an adjusted offense level of 32. As Groups One, Two, and Three now all had the same offense level, Probation assigned each group one unit per § 3D1.4, and, using the highest adjusted offense level of 32 as the starting point, calculated a revised total offense level of 35 and a revised guideline range of 235 to 293 months. The district court (Burns, *J.*) then *sua sponte* reduced Derry's sentence to 293 months. Derry did not seek reconsideration or appellate review of that decision.[2]

In April 2015, Derry moved for a further sentence modification based on Amendments 782 and 788, which

---

[2] The parties offer conflicting accounts as to whether Derry received notice of the PSR addendum or was aware that the district court was considering modifying his sentence *sua sponte*. It is unclear whether Derry was entitled to notice that the court was considering modifying his sentence. *See United States v. Deglace*, 309 F. App'x 288, 290 (11th Cir. 2008) (observing that § 3582(c)(2) does not provide a defendant with a right to notice of a potential modification); *United States v. Johnson*, 703 F.3d 464, 469–71 (8th Cir. 2013) (concluding that § 3582(c)(2) does not implicate a constitutionally protected liberty interest). But even if he was, his recourse was to seek reconsideration or appellate review of that order, and the time to challenge the 2011 modification on direct appeal has long since passed. Whatever complaints Derry may have regarding his prior modification, we are bound by § 3582(c)(2) and may grant him relief only if he meets the statute's eligibility requirements with respect to Amendment 782. We express no opinion on the viability of other potential avenues of relief with respect to the 2011 modification.

retroactively reduced the base offense levels for all drug offenses by two. U.S.S.G. Supp. II App'x C., Amends. 782, 788. Probation submitted another addendum to the PSR, but this time concluded that Derry was ineligible. It reasoned that although the adjusted offense level for Group One had been reduced to 30, the highest adjusted offense level of 32 continued to serve as the starting point and each group continued to receive one unit, leaving Derry's total offense level at 35 and his guideline range the same as before. On May 27, 2015, the district court (Shea, *J.*) held that Derry was ineligible for a modification because the "guideline range applicable" to him had not been "lowered as a result of" Amendment 782. *United States v. Derry*, No. 97-cr-48, 2015 WL 3407924, at *2–3 (D. Conn.). Derry timely appealed. We review the district court's interpretation of statutes and the Guidelines *de novo*. *United States v. Savoy*, 567 F.3d 71, 72 (2d Cir. 2009) (per curiam).

## DISCUSSION

### I.

Because a sentence incorporated in a judgment of conviction is final, courts are generally precluded from modifying a sentence once it has been imposed. 18 U.S.C. § 3582(b), (c). Congress has, however, recognized an exception when the Sentencing Commission has issued a retroactive amendment, such as the amendments reducing the crack cocaine guidelines, that would have reduced the defendant's guideline range had it been in place when the defendant was initially sentenced. Specifically, a court is authorized to modify an otherwise final sentence, on a motion or its own initiative,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28

6

U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).[3]  The Commission's applicable policy statement appears at U.S.S.G. § 1B1.10 and provides that a court may modify a sentence "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." U.S.S.G. § 1B1.10(a)(1).[4]  A defendant is thus eligible for a modification if he has been sentenced to a term of imprisonment "based on" a guideline range that has "subsequently been lowered by" an enumerated, retroactive amendment, and the "guideline range applicable" to him has been "lowered as a result."

To determine whether and to what extent a reduction is warranted, a district court must calculate the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in [§ 1B1.10(d)] had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). In so doing, the court is directed to "substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and [to] leave all other guideline application decisions unaffected." *Id.*  If the court concludes that the defendant is eligible for a sentence modification based upon the amended guideline range, it should proceed to determine whether, in its discretion, a reduction is warranted in light of the applicable

---

[3]  We have previously recognized that the "sentencing range" and "guideline range" are the same. *See United States v. Rivera*, 662 F.3d 166, 173 (2d Cir. 2011), *superseded on other grounds by* U.S.S.G. § 1B1.10 (2011).

[4]  Amendment 782 is listed, in relevant part, in § 1B1.10(d).

§ 3553(a) factors and the defendant's circumstances, including post-sentencing conduct. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(B)(i)–(iii); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) (describing this two-step process). Thus, § 3582(c)(2) "does not authorize a [plenary] sentencing or resentencing proceeding," *Dillon*, 560 U.S. at 825, but rather "empowers district judges to correct sentences that depend on frameworks that later prove unjustified" by reducing a sentence in circumstances specified by the Commission, *Freeman v. United States*, 564 U.S. 522, 526 (2011) (plurality opinion).

## II.

We now consider whether Derry is eligible for a sentence modification based upon Amendment 782, which yielded a revised guideline range (235 to 293 months) that was lower than the range applied at his original sentencing (360 months to life) but the same as the range applied at his 2011 sentence modification.

The district court assumed that Derry had been "*sentenced* to a term of imprisonment based on a sentencing range" that has been lowered by Amendment 782, 2015 WL 3407924, at *1 (quoting 18 U.S.C. § 3582(c)(2)), because, in its view, the term "sentenced" "likely refers to the sentence imposed at the original sentencing hearing," and the guideline range applied to Derry at his original sentencing was subsequently lowered by the amendment, *id.* The court went on to conclude, however, that under the Guidelines policy statement, the "guideline range applicable" to Derry was the range applied at his sentence modification, and that range had not been "lowered *as a result of*" Amendment 782 because it remained the same as before. *Id.* at *2 (quoting U.S.S.G. § 1B1.10(a)(1)). The court thought that this interpretation best accorded with the policy of finality in sentencing: since Derry had "already been afforded judicial consideration of whether his sentence should be reduced in light of an amended sentencing range of 235–293 months," allowing

him to seek a modification based on the same range would be akin to providing "multiple bites at the same apple." *Id.* at \*4.

Derry contends that the district court correctly determined that he was sentenced to a term of imprisonment "based on" a guideline range that has subsequently been lowered by Amendment 782, but erred when it construed "applicable guideline range" to refer to the range applied at his 2011 sentence modification. With respect to the former, Derry urges that the term "sentenced" in § 3582(c)(2) is equivalent to the formal process of "sentencing," which is distinct from a sentence modification and refers to the procedure described in Federal Rule of Criminal Procedure 32 that results after a number of steps in the imposition of a term of imprisonment and the entry of a judgment of conviction. Under this reading, Derry was "sentenced" to a term of imprisonment at his original sentencing, and the guideline upon which his sentencing was based is 360 months to life. The government effectively concedes this point and opts to instead contest the meaning of "applicable guideline range" under § 1B1.10.[5]

We cannot agree that Derry has been sentenced to a term of imprisonment "based on" the guideline range applied at his original sentencing. Although Derry's argument is creative, his reliance on the term "sentenced" misses the mark. The focal point of § 3582 is not the moment at which the defendant was "sentenced," nor is it the Rule 32 "sentencing." Indeed, the latter term does not even appear in the statute; the sole references to "sentencing" occur in the contexts of the "Sentencing Commission" and the "sentencing range." *See* 18 U.S.C. § 3582(a), (c)(1)(A), (c)(2).

---

[5] Although the government does not argue that Derry is ineligible for a further reduction under the statutory text of § 3582(c)(2) and focuses instead on his eligibility under the Guidelines policy statement, we nonetheless decide this appeal on this ground because we find that, as a matter of statutory construction, § 3582(c)(2) does not permit him the relief he seeks. Further, because Derry forcefully argued in his brief and reply brief that he is eligible for relief under § 3582(c)(2), he is not prejudiced by our taking up this issue in spite of the government's silence.

The operative term, rather, is the "term of imprisonment" or "sentence" that the defendant is serving. We think this is apparent from the text and structure of the statute. Section 3582 is titled "Imposition of a sentence of imprisonment." Subsection (a) outlines the factors to be considered by the district court in deciding whether to impose a "term of imprisonment" in the first instance and, if so, in setting the term's length. Subsection (b) provides that a "sentence to imprisonment" may be appealed, modified, or corrected only in limited circumstances. And subsection (c), titled "Modification of an imposed term of imprisonment," provides that "[t]he court may not modify a term of imprisonment once it has been imposed except," *inter alia*, when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." Section 3582 thus sets forth the circumstances in which a district court should impose a term of imprisonment on a defendant and when that term may be revised.

Accordingly, the relevant inquiry under § 3582(c)(2) is not when the formal process of "sentencing" occurred, but what term of imprisonment the defendant is serving and what guideline range serves as the basis for that sentence. When a district court modifies a term of imprisonment pursuant to § 3582(c)(2), it replaces the previous term of imprisonment with a new one based on the amended guideline range, and amends the judgment to reflect the sentence that comes into effect. *See* 18 U.S.C. § 3582(b)–(c). In other words, as a matter of fact, the old sentence no longer exists, and the only term of imprisonment to which the defendant has been "sentenced" is "based on" the guideline range applied in the modification proceeding. Derry's reliance on the word "sentenced" does not persuade us otherwise because "sentenced" is not the same as the formal Rule 32 act of "sentenc*ing*," and a defendant who receives a sentence modification undoubtedly has been sentenced to a new term of imprisonment. That is, after all, why defendants like

Derry seek a modification in the first place.[6]

This conclusion is consistent with our case law in other contexts. In *United States v. Williams*, for instance, we held that a defendant who was subject to the crack cocaine guideline but sentenced pursuant to a higher statutory mandatory minimum was ineligible for a modification based upon Amendment 706, which reduced the crack cocaine guideline range, because the statutory minimum had "subsumed and displaced the otherwise applicable guideline range," such that his sentence was "as a matter of fact" based on the mandatory minimum. 551 F.3d 182, 185–86 (2d Cir. 2009) (alterations in original). In *United States v. Johnson*, we affirmed our holding in *Williams* that the mandatory minimum displaces the otherwise applicable guideline range, and deemed a defendant ineligible for a sentence modification when the amendment at issue generated a guideline range of 120 months, as opposed to the initial range of 120 to 134 months. 732 F.3d 109, 114–15 (2d Cir. 2013).

While neither of these cases addresses a scenario in which a defendant seeks a further sentence modification, their focus upon the final, as opposed to interim, guideline calculation is instructive. Just as we do not look to the interim guideline ranges used in a single sentencing proceeding, so too we should not look to the guideline ranges applied in earlier sentencing proceedings when those ranges have been subsumed and displaced by a range that

---

[6] *Dillon*'s distinction between plenary sentencing and sentence modification is consequently inapposite. In any event, *Dillon* simply recognized that § 3582(c)(2) proceedings are not "sentencing" proceedings that implicate the constitutional interests underlying *United States v. Booker*, 543 U.S. 220 (2005). *Dillon*, 560 U.S. at 828. The Supreme Court did not reject the basic proposition that a judge who exercises his discretion to modify a sentence pursuant to § 3582(c)(2) assigns a new term of imprisonment based on the § 3553(a) factors and the defendant's circumstances. *See id.* at 826–27 (observing that a court modifying a sentence "does not impose a new sentence *in the usual sense*" because its analysis is circumscribed by the eligibility requirement and the Commission's policy statements, such as those governing the permissible extent of a reduction for eligible defendants) (emphasis added).

provides the basis for the term of imprisonment that the defendant is serving. In both scenarios, the defendant is serving a sentence based on the guideline range that was most recently applied, and he should be eligible for a modification only if an amendment affects the guideline range that actually underlies his sentence. *Cf. Freeman*, 564 U.S. at 535 (Sotomayor, J., concurring) ("To ask whether a particular term of imprisonment is 'based on' a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment."). Derry's alternative reading would undermine the statute's purpose of allowing a narrow exception to the rule of finality in sentencing when a defendant has been disadvantaged by the sentencing range that an amendment sought to correct, such that a modification could remedy "whatever marginal effect the since-rejected Guideline had on the defendant's sentence." *Id.* at 530 (plurality opinion). When a defendant is serving a sentence based on a guideline range that has not been further reduced by an amendment, he is not disadvantaged because the marginal effect of the since-rejected guideline range on his sentence is non-existent.

Our decision today is in accord with the holdings of our sister circuits. In *United States v. Tellis*, for example, the defendant was subject to the career offender guideline, U.S.S.G. § 4B1.1, and the crack cocaine guideline, U.S.S.G. § 2D1.1, and was sentenced under the latter. The district court subsequently granted a sentence modification based on Amendment 706, using § 4B1.1 as the new "starting point" in its calculation. 748 F.3d 1305, 1307 (11th Cir. 2014). When Tellis sought a second modification based upon Amendment 750, which further reduced the base offense level for his crack cocaine conviction, the district court held that he was ineligible "because he was sentenced as a career offender." *Id.* at 1308. On appeal, Tellis argued that "relying on the career offender provisions now would constitute a re-sentencing proceeding as opposed to a modification proceeding," since the career offender

guideline had not been applied at his original sentencing. *Id.* at 1309 (internal quotation marks omitted). The Eleventh Circuit disagreed, reasoning that "[b]ecause Mr. Tellis's Amendment 706 modification properly resulted from his career offender status," his "term of imprisonment [was] based on the career offender guideline"; consequently, "Amendment 750 [had] not lower[ed] his offense level after the Amendment 706 modification, and thus [had] not alter[ed] the guideline range." *Id.* at 1309–10. Two other circuits have reached the same conclusion. *See United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014) (per curiam) ("[U]nder section 3582, a defendant's sentence is 'based on' the guidelines range for the sentence he is currently serving, not the guidelines range used in his original sentencing."); *United States v. Wormley*, 471 F. App'x 837, 838 (10th Cir. 2012) ("Since Wormley was resentenced [under § 3582(c)(2)] pursuant to the statutory minimum rather than the guidelines, he cannot claim to be serving a term of imprisonment based on a sentencing range that was later lowered by the Sentencing Commission."). *Cf. United States v. Trujillo*, 713 F.3d 1003, 1006 (9th Cir. 2013) (where the defendant had been denied a prior modification request, he was "serving a sentence of imprisonment imposed upon him at the time of his conviction," "and the district court had jurisdiction under § 3582(c)(2) to entertain his second motion because the term of that sentence was 'subsequently' lowered by the Sentencing Commission").[7]

Derry's remaining argument as to § 3582(c)(2) is unpersuasive. He contends that under *United States v. Rivera*, "based on" and "applicable guideline range" should be read identically, *see* 662 F.3d 166 (2d Cir. 2011), and, under U.S.S.G. § 1B1.10 cmt. a, the latter term is defined as the guideline range applied at the original sentencing.

---

[7] Two other circuits have held that a defendant is not eligible for a modification in circumstances such as Derry's, but it is not clear whether they did so because of § 3582(c)(2)'s "based on" requirement or § 1B1.10(a)'s "applicable guideline range" requirement. *See United States v. Manigault*, 541 F. App'x 145, 147–48 (3d Cir. 2013); *United States v. Broadwater*, 471 F. App'x 534, 535 (7th Cir. 2012).

But even assuming that Derry's interpretation of "applicable guideline range" is correct, *Rivera*'s understanding of that term – and, by implication, its relationship to "based on" – has been abrogated by the very Guidelines comment upon which he relies. *United States v. Steele*, 714 F.3d 751, 756 (2d Cir. 2013). As a result, we would not be precluded from construing "based on" and "applicable guideline range" differently.

In sum, we hold that a defendant who has received a sentence modification is serving a term of imprisonment that is "based on" the guideline range applied at his most recent sentence modification. Here, Derry's sentence is "based on" the guideline range of 235 to 293 months that was applied at his 2011 sentence modification, and that range has not "subsequently been lowered by" Amendment 782. Accordingly, Derry is ineligible for a sentence modification.

## CONCLUSION

For the foregoing reasons, and finding Derry's remaining arguments without merit, the decision of the district court is AFFIRMED.