*United States v. Ventura-Nieves*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
JOHN M. WALKER, Jr.,
*Circuit Judge,*
VICTOR A. BOLDEN,[*]
*District Judge.*

———————————————————

United States of America,

*Appellee,*

v.                                                                                   17-1731

Pablo Ventura-Nieves,

*Plaintiff-Appellant.*

———————————————————

---

[*] Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

1

FOR DEFENDANT-APPELLANT:        Pablo Ventura-Nieves, *pro se*, Butner, NC.

FOR APPELLEE:        Jessica Lonergan, Russell Capone, Anna Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Pablo Ventura-Nieves, proceeding *pro se*, appeals from the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794 to the United States Sentencing Guidelines, which revised the commentary regarding the application of role adjustments under U.S.S.G. § 3B1.2. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under § 3582(c)(2), a sentencing court may reduce a defendant's term of imprisonment if it was based on a guidelines range subsequently lowered by the Sentencing Commission. In order to be eligible for relief under § 3582(c)(2), however, a defendant must establish that his sentence was lowered by an amendment to the Sentencing Guidelines that is listed as retroactive in U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10; *see also United States v. Derry*, 824 F.3d 299, 303 (2d Cir. 2016) ("A defendant is thus eligible for a modification if he has been sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered by an enumerated, retroactive amendment, and the guideline range applicable to him has been lowered as a result."

2

(internal quotation marks omitted)). Amendment 794 cannot provide a basis for relief under 18 U.S.C. § 3582(c)(2) because it is not listed as a retroactive amendment under U.S.S.G. § 1B1.10(d).

We have considered Ventura-Nieves's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court