19-335-cr
*United States v. Gary Jacques*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty.

PRESENT:
JOHN M. WALKER, JR.,
DENNY CHIN,
STEVEN J. MENASHI,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee,*

- v -                                                                    19-335-cr

ROBERT ALEXANDER GUERRERO, aka Al,
aka Alex, CESAR POLANCO, aka Peechon,
aka "Patrone," aka Pachong, aka "Petion,"
JEFFREY JACQUES, ANSEY GUERRIER, aka
Lucky, aka Andre,

*Defendants,*

GARY JACQUES,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                                    Jo Ann M. Navickas, Ryan C. Harris,
                                                 Assistant United States Attorneys, *for*
                                                 Richard P. Donaghue, United States
                                                 Attorney for the Eastern District of New
                                                 York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:                          Gary Jacques, *pro se*, Danbury, CT.


Appeal from an order of the United States District Court for the Eastern

District of New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Gary Jacques, proceeding *pro se*, appeals an order

entered January 18, 2019, denying his motion for reduction of his sentence.   We assume

the parties' familiarity with the underlying facts, the procedural history of the case, and

the issues on appeal.

In 2010, following a jury trial, Jacques was convicted on multiple drug

trafficking counts and, in a separate criminal proceeding the same year, pled guilty to

wire fraud.   In a combined sentencing proceeding, the district court sentenced Jacques

principally to 228 months' imprisonment on all counts.   In 2014, Jacques moved under

18 U.S.C. § 3582(c)(2) for a reduction in his sentence pursuant to Amendment 782 to the

United States Sentencing Guidelines.   The district court granted the motion in 2015,

reducing Jacques's sentence to 216 months' imprisonment.

2

In 2017, Jacques moved for a second reduction under Amendment 782. The district court denied the motion, concluding that Jacques had not offered an additional ground for reduction. In 2018, Jacques moved again for what he characterized as either a further motion for reduction of his sentence or a motion for reconsideration of the district court's decision on his prior motion, relying on a Ninth Circuit decision, *United States v. Pimentel-Lopez*, 859 F.3d 1134 (9th Cir. 2016). The district court denied the motion on January 18, 2019, holding that Jacques had not presented any additional ground for reduction of his sentence and, alternatively, if the motion were considered a motion for reconsideration, the motion was untimely and meritless because an out-of-Circuit case decided after the district court's 2015 decision reducing Jacques's sentence was not binding. Jacques appeals.

We review *de novo* a district court's determination as to whether a defendant is eligible for a sentence reduction. *See United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013). Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if he is eligible for a reduction, that is, if he has been sentenced based on a guidelines range that was subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). While we have not decided the standard of

3

review for appeals from motions to reconsider denials of § 3582(c)(2) rulings, we need not do so here because Jacques's appeal fails even on *de novo* review.[1]

The district court did not err by denying Jacques's motion to reduce his sentence.   Jacques had already received a reduction pursuant to Amendment 782, and he was not eligible for a second reduction because the applicable guidelines range had not been subsequently lowered by any other amendment.   *See United States v. Derry*, 824 F.3d 299, 304-07 (2d Cir. 2016) (determining that defendant was not eligible for second sentence reduction where no subsequent amendment lowered guidelines range from first reduction).

Jacques argues that the district court erred by failing to construe his motion as a motion for reconsideration of the 2015 decision reducing his sentence.   While Jacques correctly notes that he asked the district court to "reconsider whether the sentence imposed (216 months) resulted in a sentence disparity," Gov't App'x at 239, he also characterized the motion as a subsequent motion for a sentence reduction (rather than one seeking reconsideration), sought to apply the legal standards applicable to resentencing under § 3582 rather than the standards for reconsideration, and raised new

---

[1]      *See United States v. Delva*, 704 Fed. App'x 8, 9 (2d Cir. 2017) ("This court has not decided what standard of review applies to appeals from motions to reconsider denials of § 3582(c)(2) rulings.").

arguments.    Hence, Jacques viewed the motion as a new motion for a reduction of sentence.

Moreover, even assuming the motion was a motion for reconsideration, the district court did not abuse its discretion in denying it.    First, the motion was untimely: the Eastern District's local criminal rules require that any motion for reconsideration be filed within 14 days.    E.D.N.Y. Local Crim. R. 49.1(d).    The district court decided Jacques's first sentence reduction motion in September 2015, and Jacques did not make his third motion -- the subject of this appeal -- until June 2018, nearly three years later. Jacques argues that the Government waived any objection to the timeliness of his motion by failing to argue it in its response.    But given that Jacques's motion did not clearly argue for reconsideration, the Government's failure to address the timeliness of the motion did not constitute waiver.    *See United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015) ("[W]aiver can result only from a [litigant's] intentional decision not to assert a right.").

Second, Jacques argues that the district court erred by not considering the effect of *Pimentel-Lopez*, 859 F.3d 1134, on his sentence because courts are permitted to consider intervening changes in the law on a motion for reconsideration.    He is partially correct.    While courts may consider "an intervening change in controlling law" on a

5

motion for reconsideration, *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009), *Pimentel-Lopez* is not controlling.   Accordingly, we conclude that the district court did not abuse its discretion by determining that the case did not warrant reconsideration of its prior decision.

*     *     *

We have reviewed the remainder of Jacques's arguments and conclude they are without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6