24-673-cr
*United States v. Ocasio Gonzalez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          24-673-cr

FRANK J. RIOS, aka SEALED DEFENDANT 2,

> *Defendant*,

DAVID J. OCASIO GONZALEZ, aka SEALED DEFENDANT 1,

> *Defendant-Appellant*.

---

FOR DEFENDANT-APPELLANT:                     David J. Ocasio Gonzalez, *pro se*, Miami, Florida.

FOR APPELLEE:                                           Samuel Rothschild, Nathan Rehn, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on February 9, 2024, is **AFFIRMED**.

Appellant David J. Ocasio Gonzalez appeals from the district court's denial of his motion for a sentence reduction under 18 U.S.C. §§ 3582(c)(2) and (c)(1)(A). Ocasio Gonzalez was convicted following a guilty plea of conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and was sentenced in 2022 principally to 66 months' imprisonment. In December 2023, Ocasio Gonzalez moved in the district court for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), which provides for a two-point offense level reduction where, among other things, a criminal defendant has no criminal history points. U.S.S.G. Supp. to App. C, amend. 821, Part B (2023); *see* U.S.S.G. § 4C1.1. Ocasio Gonzalez also included, without explanation, a copy of his inmate education transcript. The district court denied the motion, concluding that Ocasio Gonzalez was not eligible for a sentence reduction under Section 3582(c)(2) because he had one criminal history point. To the extent Ocasio Gonzalez also sought compassionate release under Section 3582(c)(1)(A), the district court denied that motion, concluding that his rehabilitative efforts did not, standing alone, warrant a sentence reduction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our

decision to affirm.

We review a district court's decision to deny a motion for sentence reduction under Sections 3582(c)(2) and (c)(1)(A) for abuse of discretion. *See United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014); *United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

The district court did not err in denying Ocasio Gonzalez's motion under Section 3582(c)(2). To qualify for a sentence reduction under Section 3582(c)(2), a defendant must show that his Guidelines range has been lowered by a retroactive amendment to the Guidelines. *See United States v. Derry*, 824 F.3d 299, 303 (2d Cir. 2016); *see also* U.S.S.G. § 1B1.10(a)(1). Although Ocasio Gonzalez is correct that Amendment 821 applies retroactively, he cannot show that he qualifies for Amendment 821's two-level offense level reduction. To do so, a defendant must show, among other things, that he "did not receive any criminal history points." U.S.S.G. § 4C1.1(a). Here, the Presentence Report ("PSR") calculated that Ocasio Gonzalez had one criminal history point as a result of a 2018 conviction for aggravated assault. Ocasio Gonzalez did not object to the PSR at his sentencing, and the district court's statement of reasons reflected that it had adopted the PSR without any changes. Accordingly, because he has one criminal history point, Ocasio Gonzalez did not meet the criteria set forth in Amendment 821 and was thus not eligible for a sentence reduction under Section 3582(c)(2).

In addition, the district court did not abuse its discretion in denying Ocasio Gonzalez's separate motion under Section 3582(c)(1)(A). As amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Section 3582(c)(1)(A) provides that a district court "may reduce the

3

term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *accord United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting Section 3582(c)(1)(A)(i)). We have explained that "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall not be considered an extraordinary and compelling reason." *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) (alterations adopted) (internal quotation marks omitted) (citing 28 U.S.C. § 994(t)); *see* U.S.S.G. § 1B1.13(d) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

Here, in support of his motion under Section 3582(c)(1)(A), Ocasio Gonzalez submitted his inmate education transcript, which speaks only to his rehabilitative efforts, and made no specific arguments to the district court regarding his grounds for establishing an extraordinary and compelling reason for release. Indeed, on appeal, Ocasio Gonzalez notes only that, while incarcerated, he has participated in educational programming "to become a better citizen and . . . a productive member of society." Appellant's Br. at 5. In short, we conclude that the district court did not abuse its discretion in determining that Ocasio Gonzalez's rehabilitation, standing alone, did not establish an extraordinary and compelling reason for release, and therefore denying the motion under Section 3582(c)(1)(A).

\*               \*               \*

We have considered Ocasio Gonzalez's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the district court's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court